UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL DIAZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 21-cv-411-WES-PAS |
| | : | |
| STATE OF RHODE ISLAND, et al., | : | |
|     Defendants. | | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se*[1] Plaintiff Samuel Diaz has filed his seventh case in this Court challenging the constitutionality of his current incarceration at the Adult Correctional Institutions ("ACI"), which is the result of a sentence that was imposed following conviction based on a *nolo contendere* plea for various probation violations.[2] The first six cases have all been dismissed at screening[3] for an array of reasons, including: because Plaintiff has failed to state a claim; because Plaintiff has failed to demonstrate that his conviction or sentence has been invalidated as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); because Plaintiff has not yet exhausted available state

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

[2] Plaintiff's eighth case making substantially similar arguments was filed a few days after this one. See Diaz v. Neronha, 21-cv-416WES (filed October 15, 2021). Plaintiff's newest case differs from this one in that it is framed as a habeas corpus petition.

[3] Despite these adverse judicial determinations, the doctrine of issue preclusion does not apply in these circumstances. Denton v. Hernandez, 504 U.S. 25, 34 (1992) ("Because a § [1915(e)] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions."); see Waley v. Johnston, 316 U.S. 101 (1942) ("The principle of res judicata does not apply to a decision on habeas corpus refusing to discharge a prisoner."). Although Denton is based on a prior version of § 1915, the principle cited here remains unchanged.

court remedies; and because the federal courts are barred from interfering in an ongoing state criminal case by the Younger abstention doctrine and/or the Rooker/Feldman doctrine.[4]

In the current case, Plaintiff has brought a civil action pursuant to 42 U.S.C. § 1983 and has named as defendants the State of Rhode Island, as well as nineteen others, including state court judges, prosecutors, court-appointed defense attorneys, clerk's office staff, the Director and former General Counsel of the Rhode Island Department of Corrections ("RIDOC"), the former Rhode Island Disciplinary Counsel and others whose status is not clear. His ninety-eight page (plus thirteen pages of exhibits) pleading is difficult to discern but appears to allege that his *nolo contendere* plea was not voluntary, his criminal conviction is illegal and his current incarceration amounts to false imprisonment, entrapment, "false document" and kidnapping in violation of various provisions of the United States Constitution. As remedies, he asks for injunctive relief (stripping defendants of their jobs and barring them from dealing further with his criminal case), "due to material facts allow to proceed,"[5] and monetary damages pursuant to § 1983. ECF No. 1-1 at 56 (emphasis in original). Meanwhile, as best the Court can ascertain, Plaintiff's state

---

[4] The decisions dismissing Plaintiff's substantially similar cases are as follows: Diaz v. Nicholson, 20-cv-88MSM, Text Order of Apr. 28, 2020 (Plaintiff "has failed to exhaust all of his state remedies. . . the Court. . . [d]ismisses his Amended Complaint"); Diaz v. Nicholson, 20-cv-148JJM, Text Order of Apr. 6, 2020 ("complaint must be DISMISSED. Among other problems with the complaint, he has failed to exhaust all of his state remedies"); Diaz v. Gulick, 20-cv-308JJM, Text Orders of July 27, 2020, ("Complaint is DISMISSED; . . . Before Mr. Diaz can seek federal relief he must first try and exhaust all state court remedies.") and August 13, 2020, (pleading "fails to state a legally valid claim upon which relief can be granted"); Diaz v. Rhode Island, 20-cv-383MSM, Memorandum and Order (ECF No. 61) ("Mr. Diaz has not exhausted the state court remedies still available to him . . . Therefore the state's Motion to Dismiss . . .is GRANTED and the petition is dismissed"); Diaz v. Nicholson, 20-cv-469WES, 2020 WL 6945936, at *2 (D.R.I. Nov. 24, 2020) ("dismissed for failure to state any legally viable claims"), adopted by Memorandum and Order of Jan. 26, 2021 (ECF No. 25) ("Plaintiff's Complaint . . . is DISMISSED"); Diaz v. Rhode Island, No. 21-cv-208-JJM-PAS, 2021 WL 2000478, at *2 (D.R.I. May 19, 2021) (pleading "failed to state a claim cognizable in this Court at this time. Accordingly, the Complaint is DISMISSED without prejudice").

[5] Plaintiff's allegation regarding this remedy is confusing. Somewhat clearer is his articulation at ECF No. 1-1 at 21: "Diaz requests that pursuant to 42 USC 1983 deprivation the honorable court with material fact an (sic) the defendant admitting to the act on documents that this matter proceed to a jury!!" That is, Plaintiff appears to be asking this Court to vacate his nolo plea and conduct a criminal trial or to remand the matter back to the Rhode Island Superior Court for a criminal trial to be conducted by persons other than those who are named in the Complaint as defendants.

court post-conviction relief proceeding (KM-2020-0230) challenging the same criminal conviction remains pending in the Superior Court.[6]

Plaintiff accompanied his Complaint with an Application to Proceed *in Forma Pauperis* ("IFP"). ECF No. 4. Both the Complaint and the IFP Application have been referred to me for initial review and screening. See 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons that follow, I recommend that the Complaint be dismissed for failure to state a claim and as frivolous and that the IFP Application be denied as moot and based on the three-strike rule.

**Legal Standard**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion. Diaz v. Rhode Island, No. 21-208-JJM-PAS, 2021 WL 2000478, at *1 (D.R.I. May 19, 2021). "To state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). In making this determination, the Court must accept a plaintiff's well-pled factual allegations as true and construe them in the light most favorable to him. Id. "Section 1983 creates a remedy for violation of federal rights committed by persons acting under color of state law." Sanchez v. Pereira-Castillo, 590 F.3d 31, 40 (1st Cir. 2009) (internal quotation marks omitted). To maintain a § 1983 action, a plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief. Iqbal, 556 U.S. at 678. "Section 1983 requires three elements for liability: deprivation

---

[6] The public docket for KM-2020-0230 reveals that the Superior Court was conducting proceedings as recently as October 2021. The public docket does not reflect that a decision has been issued, nor that an adverse decision has been appealed to the Rhode Island Supreme Court.

of a right, a causal connection between the actor and the deprivation, and state action." Sanchez, 590 F.3d at 41 (citing 42 U.S.C. § 1983).

**Analysis**

To the extent that Plaintiff's Complaint is brought pursuant to § 1983 for money damages (as Plaintiff alleges), it fails because it is Heck-barred. Heck holds that a § 1983 plaintiff may not recover damages for an allegedly unconstitutional conviction or imprisonment if a judgment in favor of that plaintiff would necessarily imply the invalidity of the conviction or sentence. 512 U.S. at 487. Heck is clear: such an action must be dismissed unless and until the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.; see Diaz v. Rhode Island, 2021 WL 2000478, at *2 (dismissing substantially same claim pursuant to Heck). With no indication that Plaintiff's state convictions and/or sentence has been invalidated, all of his claims for damages based on what he claims is an illegal conviction must be dismissed.

Plaintiff's request for an injunction mandating that various state officials be removed from their jobs and barred from handling his case is similarly insufficient to state a viable claim. For starters, most of those named in this case are judges, prosecutors and clerk's office staff, who are being sued for actions taken in their judicial/prosecutorial capacities; therefore, they are protected by absolute immunity and all claims against them must be dismissed. Uzamere v. United States, No. CA 13-505 S, 2013 WL 5781216, at *8 (D.R.I. Oct. 25, 2013), aff'd, No. 12-2454 (1st Cir. Apr. 11, 2014). Others are defense attorneys who cannot be sued in this § 1983 action because they are not state actors; they too should be dismissed. Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). As to the remainder, Plaintiff's pleading fails to suggest any basis in fact for issuing such an injunction or

any basis in law that would confer on this Court the authority to interfere so radically with the State's sovereignty.  See Marshall v. McWhorter, No. 419CV01088AKKHNJ, 2020 WL 2770435, at *5 (N.D. Ala. May 7, 2020, adopted, 2020 WL 2767323 (N.D. Ala. May 28, 2020) ("federal courts have no authority . . . to fire state employees or to take over the performance of their functions."); cf. Ex parte Young, 209 U.S. 123, 167 (1908) (seminal decision on limited power of federal court to order state official to refrain from prosecution pursuant to unconstitutional statute).

The fatal flaw with Plaintiff's request that this Court order a new trial is that it plainly is intended for the purpose of interfering in Plaintiff's ongoing criminal proceeding in state court. To that extent, the case must be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971). Younger requires that federal courts should refrain from issuing injunctions that interfere with ongoing criminal prosecutions in state court in the interest of comity and federalism.  Esso Standard Oil Co. v. Cotto, 389 F.3d 212, 217 (1st Cir. 2004).  Similarly, lower federal courts may not sit in direct review of state court decisions.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Together, Younger abstention and/or the Rooker/Feldman doctrine require dismissal of this aspect of Plaintiff's case.  As the Court held in dismissing one of Plaintiff's prior cases, this Court, as an arm of the federal government, may not interfere with the state's legitimate interest in trying cases charged under its own state laws in the absence of certain narrow exceptions. Diaz v. Nicholson, 2020 WL 6945936, at *1.

And last, mindful of Plaintiff's request for a criminal trial, the Court may examine whether the Complaint conceivably would survive if it had been styled as a habeas petition pursuant to 28 U.S.C. § 2254.  Viewed through this lens, it fails because Plaintiff's post-

conviction petition remains pending in the Superior Court. Until Plaintiff has fully exhausted all state remedies available to him, including by taking an appeal to the Rhode Island Supreme Court, he may not seek habeas relief in this Court. 28 U.S.C. § 2254(b)(1); Townsend v. Comm'r, New Hampshire Dep't of Corr., 23 F.3d 395, 1994 WL 168523 (1st Cir. 1994) (habeas dismissed for failure to exhaust and for procedural default due to failure to appeal denial of state habeas petition to state supreme court).

In addition to the reasons outlined above why Plaintiff's Complaint should be dismissed, Plaintiff's IFP Application must be denied because he now has "three strikes" pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule prevents a prisoner from bringing a civil suit *in forma pauperis* if he has had three or more prior suits that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." Id.; see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (pursuant to PLRA, dismissal – whether with or without prejudice – is a strike for purposes of three strike rule). Prior to bringing this case, Plaintiff has had three civil cases brought pursuant to § 1983 that were dismissed in whole or in part for failure to state a claim.

Two of Plaintiff's strikes are unambiguous.[7] Diaz v. Nicholson, 20-cv-469WES, 2020 WL 6945936, at *2 (D.R.I. Nov. 24, 2020) (§ 1983 civil action "dismissed for failure to state any legally viable claims"), adopted by Memorandum and Order of Jan. 26, 2021 (ECF No. 25) (Plaintiff's Complaint . . . is DISMISSED"); Diaz v. Rhode Island, No. 21-cv-208-JJM-PAS, 2021 WL 2000478, at *2 (D.R.I. May 19, 2021) (§ 1983 civil action "failed to state a claim cognizable in this Court at this time. Accordingly, the Complaint is DISMISSED without

---

[7] As Lomax holds, a strike-call under § 1915(g) "hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." 140 S. Ct. at 1724-1725. That is, if a case is styled as a civil action and dismissed because the complaint fails to state a viable claim, it is a strike under the plain language in § 1915(g).

prejudice"). The third dismissal of a civil case – Diaz v. Gulick, 20-cv-308 – disposed of a case that the Court treated as a "mixed" civil action/habeas petition. That is, the case was initially dismissed based on Plaintiff's failure to exhaust because the Court looked passed Plaintiff's characterization of his case (a civil claim brought pursuant to § 1983 seeking money damages but also release from incarceration, see ECF No. 1-1 at 17) and found that Plaintiff was "attempting to federally challenge his criminal conviction in state court without showing that he exhausted both his direct appeal and all available state post-conviction relief avenues." Diaz v. Gulick, Text Order of July 27, 2020 ("Plaintiff's Complaint is DISMISSED"). Then, when Plaintiff brought a motion to amend that clearly characterized the case as seeking money damage pursuant to § 1983, the Court denied the motion to amend because the proposed pleading failed to state a claim: "[i]n so far as he seeks to assert a civil claim against these individual defendants, he fails to state a legally valid claim upon which relief can be granted." Id. Text Order of Aug. 13, 2021.

  While our Circuit has not yet addressed whether such dismissal is a strike, the issue was recently addressed by the Third Circuit in a thoughtful opinion that was developed with input from a court-appointed amicus. Garrett v. Murphy, No. 20-2719, 2021 WL 5026787, at *1 (3d Cir. Oct. 29, 2021) ("we appointed the Georgetown Law Appellate Courts Immersion Clinic as amicus to address . . . issues relevant to [*in forma pauperis*] application"). One of the putative strikes that Garrett analyzed was a civil action in which the claimant (like Plaintiff here in Diaz v. Gulick) had sought both Heck-barred money damages and release. Id. at *8. Acknowledging that habeas proceedings are not civil actions, Garrett holds that the fact that a civil action dismissed for failure to state a claim sought not just damages and injunctive relief, but also

7

Preiser-barred[8] relief (release from incarceration), does not convert the case into a habeas proceeding for purposes of the three-strike rule. Id. at *9. In so holding, the Third Circuit concurred with the Fifth Circuit and declined to follow the approach taken by the Ninth Circuit. Garrett, 2021 WL 5026787, at *8-9 (comparing Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998) (dismissal of § 1983 claim more properly interpreted as premature habeas petition is a strike: "[i]t is more faithful to the intent of the PLRA to classify these dispositions as strikes."), with Washington v. L.A. Cnty. Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir. 2016) (§ 1983 suit barred by both Heck and Preiser "sounds only in habeas" and is not a strike)). Noting the Supreme Court's latest guidance in Lomax, which looks to the language used by Congress to write § 1915(g), 140 S. Ct. at 1723, Garrett concludes:

> [E]ven if [plaintiff']s Preiser-barred claims are *necessarily* habeas claims, that legal fiction would not help [plaintiff]. Habeas claims are not part of a PLRA civil action, so the dismissal of habeas claims, real or imagined, never makes a Heck dismissal "mixed." We therefore reject amicus's argument that [plaintiff']s dismissals are "mixed" dismissals that do not count as strikes under Talley.

2021 WL 5026787, at *9 (emphasis in original).

At bottom, like the case analyzed in Garrett, Diaz v. Gulick was a civil action pursuant to § 1983 seeking money damages that ultimately was dismissed for failure to state a claim. In reliance on the persuasive reasoning of Garrett and Patton and consistent with Congress's goal of "staunch[ing] a 'flood of nonmeritorious' prisoner litigation," Lomax, 140 S. Ct. at 1723, I find that it is a strike pursuant to § 1915(g). According, I find that Plaintiff is now a "three-striker"

---

[8] In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500. Denominated as the Preiser-bar, this doctrine mandates dismissal of a civil action to the extent that release from custody is sought as a remedy.

and recommend that the Court deny his IFP Application because he is no longer eligible for IFP status.[9]

There is another problem with Plaintiff's IFP Application. He has failed to file a copy of his prisoner trust fund account statement certified by an appropriate official at the ACI. The account statement is required by 28 U.S.C. § 1915(a)(2) for the six-month period immediately preceding the filing of the Complaint. If the Court does not adopt my recommendations that it dismiss the case and deny the IFP Application as moot and/or because Plaintiff is a three-striker, Plaintiff must be required to file his account statement before the Court can rule on the merits of his IFP Application.

A coda: while this report and recommendation was being finalized, Plaintiff filed a "motion to amend to add Defendants and statement." ECF No. 8-1. This motion seeks to add more defendants and a new and totally unrelated claim based on Plaintiff's assertion that RIDOC confined him with persons known to be on his enemies list and he was assaulted. The Court notes that the allusion to the fighting with other inmates was briefly mentioned in the hundreds of pages Plaintiff has filed in this case; however, until the filing of this motion to amend, no such claim was articulated. The Court further notes that Plaintiff made the same passing reference to being assaulted in <u>Diaz v. Rhode Island</u>, No. 21-cv-208-JJM-PAS, 2021 WL 2000478, at *2 (D.R.I. May 19, 2021). In dismissing that entire case, the Court advised in a footnote:

> Regarding Mr. [Diaz]'s claim that he was assaulted three times (ECF No. 1 at 39), it is unclear whether these alleged assaults took place while in police custody or while at the ACI. Nor is it clear how his life is in danger. . . . To the extent he alleges events that occurred at the ACI -- and which do not implicate the validity of his convictions -- he may file a separate complaint raising those allegations.

---

[9] If the three-strike rule were the only problem with Plaintiff's IFP Application, I would recommend that the Court allow Plaintiff an opportunity to establish whether he falls into the exception to the three-strike rule – when "the prisoner is under imminent danger of serious physical harm." 28 U.S.C. § 1915(g). With so many other reasons to dismiss the case and deny the IFP Application, I do not make that suggestion.

Id. at *2 n.2.

In the circumstances presented in this case, Plaintiff's motion to amend should be denied because the "new claim alleged in the proposed amended complaint is completely unrelated, both factually and temporally,[10] to the claims asserted in the original complaint." Klunder v. Trustees & Fellows of Coll. or Univ. in Eng. Colony of Rhode Island, No. CA 10-410 ML, 2013 WL 366972, at *2 (D.R.I. Jan. 30, 2013); see Oliver v. Dow, No. CIV. 10-1542 DMC JAD, 2012 WL 1883921, at *5 (D.N.J. May 22, 2012) (denying motion to amend where "[t]he claims Plaintiff now seeks to add are unrelated to his original complaint, as they do not arise out of the same transactions or occurrences upon which the original action is premised."). This denial of the motion to amend should be without prejudice to Plaintiff filing a new case that states the new claim. In that regard, the Court cautions Plaintiff that, if these recommendations are adopted, he may now be deemed to be a three-striker, required to pay the filing fee in full unless he is able to qualify for the exception in 28 U.S.C.§ 1915(g), which permits a prisoner to proceed *in forma pauperis* if he is "under imminent danger of serious physical harm." Importantly, "the existence of the danger and therefore the applicability of the imminent-danger exception to the 'three strikes' rule are determined when the [new] suit is filed." Fletcher v. Menard Corr. Ctr., 623 F.3d 1171, 1174 (7th Cir. 2010).[11]

---

[10] While close in time, Plaintiff's two claims are not contemporaneous. Plaintiff's complaint about damages arising from illegal incarceration is based largely on the facts leading up to the imposition of the sentence he is now serving. Plaintiff's claim that he was assaulted because RIDOC staff did not keep him separate from known enemies arises from events that occurred after he began serving the sentence.

[11] After the motion to amend, Plaintiff's filing spree continued, culminating in the Court's order that he may not make any more filings in this case until the Court has addressed his IFP Application. Text Order of Nov. 9, 2021. Most recently, Plaintiff moved for a temporary restraining order and preliminary injunction. ECF No. 9. Based on the recommendation that Plaintiff's Complaint be dismissed, I recommend that this motion should be denied as moot.

**Conclusion**

For the foregoing reasons, and mindful that this is the seventh time that this Court has addressed substantially the same issues, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED as frivolous[12] and for failure to state any legally viable claims, that his IFP Application (ECF No. 4) be DENIED as moot and because he is a three striker, that his motion to amend the complaint (ECF No. 8) be DENIED because it is unrelated to the claims made in the original complaint, and that his motion for a temporary restraining order and injunction relief (ECF No. 9) likewise be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 12, 2021

---

[12] My recommendation that the case be dismissed as frivolous is based on the number of times Plaintiff has filed the same claim in this Court and been dismissed for the same reasons. See Uzamere, 2013 WL 5781216, at *10 (complaint dismissed as frivolous because plaintiff had made same claims in prior complaints, which had been dismissed for the same reason). Plaintiff is cautioned that, if this recommendation is adopted and this case is dismissed as frivolous and for failure to state a claim, it too may be deemed to be a strike pursuant to the PLRA.